John T. Scurlock v. Commissioner. Duetran Scurlock v. Commissioner.
Scurlock v. Commissioner
Docket Nos. 19168, 19169.
United States Tax Court
1950 Tax Ct. Memo LEXIS 307; 9 T.C.M. (CCH) 5; T.C.M. (RIA) 50009; January 10, 1950
*307 Woodrow S. Wilson, Esq., and Milton S. Musser, Esq., for the petitioners. Byron M. Coon, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: These cases, duly consolidated, involve income taxes for the calendar years 1944 and 1945. Deficiencies are asserted as follows: Year
Petitioner
Deficiency
1944
John T. Scurlock
$251.42
1944
Duetran Scurlock
251.42
1945
John T. and Duetran Scurlock
487.91 The respondent also asserts the 5 per cent penalty under Section 293(a), Internal Revenue Code. The deficiency notice, as to the year 1945, recited $96.85 as the amount of deficiency, but by answer the respondent pleads that the correct amount is $487.91, the $96.85 having been erroneously asserted as deficiency when in fact it was the deficiency in payment only, as shown on the explanatory statement attached to the deficiency notice. The issue presented (aside from the question as to whether $96.85 or $487.91 is the deficiency for 1945) is whether the Commissioner erred in disallowing deductions claimed for contributions, interest, taxes, losses, medical expense, "miscellaneous expense" *308 and "expense of sale." We make the following Findings of Fact The petitioners are husband and wife, residing during the taxable years in Compton, California. At that time John was employed as a machinist foreman for a shipbuilding corporation at San Pedro, California, and Duetran was a checker in a market. He earned gross income of $5,166.70 in 1944 and $4,449.99 in 1945. She earned $509.69 in 1945. From the evidence adduced we find that the petitioners expended the following sums for the purposes named: In the
In the
year 1944
year 1945
Contributions
To the Christian Church
$156.00
$139.00
Red Cross
20.00
20.00
Salvation Army
5.00
5.00
China Relief
2.00
1.00
U.S.O.
15.00
20.00
Tuberculosis Society
2.00
2.00
Disabled Veterans
5.00
2.00
Community Chest
5.00
March of Dimes
2.50
5.00
P.T.A.
2.50
2.50
Blue Birds and Camp Fire
Girls
5.00
Boy Scouts
2.00
Veterans of Foreign Wars
1.00
2.00
Rescue Mission
2.00
2.00
War Chest
10.00
10.00
Soldiers and Sailors Relief
3.00
2.00
Army and Navy Relief
3.00
2.00
Examiner War Wounded
Fund
15.00
10.00
American Legion
5.00
Sister Kenney
5.00
Total
$254.00
236.50
Interest
On home
$174.64
Taxes
On home
$ 69.64
Personal
3.00
$ 3.65
Car licenses
15.55
13.70
Federal Use Tax
10.00
Sales Tax
40.00
30.00
Total
$138.19
$ 47.25
Losses
Auto accident
$ 22.00
$ 32.00
Hub cap stolen
10.00
Total
$ 22.00
$ 42.00
Miscellaneous Expenses
Union dues
$ 55.00
$ 51.00
Unemployment insurance
30.00
30.00
Clothes at work
35.00
35.00
Work shoes and repair
27.50
Gloves
7.00
Raincoat
10.00
Laundry of work clothes
75.00
75.00
Trade journals
7.00
7.00
Depreciation on tools
75.00
75.00
Depreciation on car
100.00
100.00
Gasoline and oil
100.00
100.00
Auto insurance
25.00
Telephone
25.00
Repair of auto
75.00
Total
$571.50
$548.00
Medical and Dental Expense
$ 77.50
39.00
45.00
20.00
Total
$181.50
*309 A part of the deficiency was due to petitioners' negligence in the preparation of their returns. Opinion The evidence before us here is in large part insufficient and unsatisfactory in the determination of the claims made. It bears indication of exaggeration of amounts contended for as deductions. The adherence of testimony to the amounts set forth in the petition, in nearly all instances, bore evidence of study if not memorization of the amounts; and one of the witnesses was found to be consulting a list, copied from one of the returns, which list not only followed the list of items and amounts of contributions claimed, but contained notations of other facts, placed in testimony in that connection, e.g., in connection with donations to P.T.A., the notation "wife was room mother"; and as to Soldiers and Sailors Relief: "given at stores in grocery." Such indication of preconceived, even written, account of testimony to be given affects credibility, as did the tendency to give very positive answers, and failure to produce receipts even though they were said to be available. The claims made in the return and petition are at variance with some of the few documents adduced. Thus, *310 a claim of $275 was made, for 1945, for medical services of a physician, but the receipt produced indicated only $77.50 was paid in 1945, the remainder being paid in 1946, and this was agreed to by one witness, but not by the other. Again a receipt was produced for $39 when $50 had been claimed on the item. Throughout we find indication that estimates are in favor of the petitioners. All these considerations can not but reflect upon good faith and raise questions as to the amounts actually expended. The petitioners suggest upon brief that under Section 54(a) of the Internal Revenue Code and Regulations 111, Section 29.54-1, that it was not necessary for them to keep records because it is provided by such regulation (so far as here concerned) that every person subject to tax shall keep books of account or records, except those whose gross income "consists solely of salary, wages or similar compensation for personal services rendered." We think it clear that though under the regulation the persons thereby excepted do not have to maintain records for the Commissioner's examination, it does not follow that such person, when under the burden of proving his case in *311 court, is excused from such burden by the regulation, for books and records may, in a proper case, be the requisite proof; but in any event it does not apply in this case for the regulation specifically provides the exception only in case of those whose gross income consists solely of salary, wages or similar compensation for personal services rendered, whereas a portion of the gross income of these petitioners was profit from the sale of real estate. We have, therefore, been forced to rely upon the principle enunciated in Cohan v. Commissioner, 39 Fed. (2d) 540, and have, as best we may on the record here, allowed such deductions as considered fairly established; and we therefore approve deductions in the amounts above set forth. Other items were not proven. Some expenses are considered personal. Watches "broken at work" and claimed as losses are not shown to be either business expenses or losses due to casualty. No showing of no insurance is made. Others, such as missing tools, are not regarded as losses by theft. Those for medical and dental expenses will be considered in the light of Section 23(x), Internal Revenue Code, as to 1945. No claim *312 in that regard was set up as to 1944. The petitioners' claim, as to 1945, for $768.50 "expense of sale" was disallowed by the Commissioner as to half, or $384.25. The evidence does not show error in this regard. It consisted of detailed claims to improvement of the petitioners' home, during about two years occupancy by them, but is indefinite and insufficient as to whether many of the items were with a view to sale of the property, or ordinary repairs and expense of maintaining a home. Apparently the petitioners' viewpoint is that the items claimed were proper bases in computing capital gain, rather than ordinary expenses, since some appear paid outside the taxable years. Upon all the evidence on this point, the allowance of 50 per cent by the Commissioner in the determination of deficiency appears to be not improperly based. The evidence is largely unsupported and, in our view, does not support the claim made. The respondent by answer prays for the 5 per cent negligence penalty under Section 293(a), Internal Revenue Code. We find that some part of the deficiency is due to negligence. Decisions will be entered under Rule 50.